Per Curiam.

The issue presented by this appeal is whether the house trailers held by appellant for sale are included in the basic definition of “personal property,” in Section 5325, General Code (Section 5701.03, Revised Code), or whether they were excluded from such definition by appellant’s payment of the annual license tax levied under Sections 6291 and 6292, General Code (Sections 4503.02 and 4503.04, Revised Code), and its nonpayment of the tax on house trailers levied under Section 6292-2, General Code (Section 4503.06, Revised Code).
Section 5325, General Code, defining personal property for purposes of taxation, excludes “motor vehicles registered by the owner thereof. ’ ’
Section 6290, General Code (Section 4501.01, Revised Code), defines the “owner” of a motor vehicle as including “any person, firm or corporation other than a manufacturer or dealer having title to a motor vehicle,” and “dealer” as including “all persons, firms and corporations regularly engaged in * * * selling, displaying, offering for sale or dealing in motor vehicles. ’ ’
Section 6292, General Code, prescribing the license tax rates, reads in part: ‘ ‘ Taxes at the rates provided in this section shall be in lieu of all taxes on or with respect to the ownership of such motor vehicles, except as provided in Section 6292-2 of the General Code.”
Section 6292-2, General Code, which levies a tax on house trailers, provides that “the tax so levied shall become due and payable upon the occupancy for human habitation of the house trailer.”
Since it is disclosed by the agreed statement of facts that appellant “is engaged primarily in the selling of house trailers,” it is clear from the foregoing statutory definitions that appellant is a “dealer” in motor vehicles and not an “owner” of motor vehicles as that term is used in Section 5325, General Code (Section 5701.03, Revised Code), supra, and, therefore. *356 can not claim the exemption, as prescribed therein, from ad valorem taxation on house trailers held by it for sale.
Furthermore, the facts that appellant caused the house trailers in its possession to he titled in its name, secured licenses for them under Section 6291, General Code (Section 4503.02, Revised Code), and paid the annual license tax prescribed therefor under Section 6292, General Code (Section 4503.04, Revised Code), did not change appellant’s status as * ‘ dealer ” to one of ‘ ‘ owner. ’ ’
The decision of the Board of Tax Appeals is not unreasonable or unlawful, and it is, hereby, affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.